**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEROY EVANS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-1557 |
| | § | |
| WILLIAM K. SUTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
GRANTING MOTION TO DISMISS**

The defendant, William K. Suter, Clerk of the United States Supreme Court, moves to dismiss under Fed. R. Civ. P. 12(b)(1) on the basis of absolute immunity and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Based on the motion and response, the pleadings, and the applicable law, this court grants the motion. Finding that amendment would be futile, the dismissal is with prejudice. The reasons are explained below.

## I. Background

Plaintiff, Leroy Evans, Jr., is a *pro se* litigant. He sued the Merit Systems Protection Board over his 2002 dismissal from his job as a NASA consultant. *Evans v. Merit Sys. Prot. Bd.*, 50 F. App'x 439 (Fed. Cir. 2002). On August 9, 2001, Evans received notice that NASA was terminating his employment effective August 13, 2001 for "unacceptable performance." On March 15, 2002, Evans appealed his removal to the Merit Systems

Protection Board (MSPB), alleging that his termination was improper and that he was discriminated against because of his age and race. The Administrative Law Judge determined that because Evans had retired from the Navy, he was a "reemployed annuitant" who served at the will of the appointing officer and had no right to appeal from his job removal. The ALJ dismissed the action for lack of subject matter jurisdiction. *Evans v. Nat'l Aeronautics & Space Admin.*, 91 M.S.P.R. 128 (M.S.P.B. Feb. 28, 2002) (Table, No. DA-0752-01-0645-I-1). Evans appealed to the U.S. Court of Appeals for the Federal Circuit, which affirmed the ALJ's decision. Evans then appealed to the U.S. Supreme Court, which denied *certiorari*. *Evans v. Merit Sys. Prot. Bd.*, 538 U.S. 980 (2003) (No. 02-7517). Evans filed a petition for rehearing, which was also denied. *Evans v. Merit Sys. Prot. Bd.*, 539 U.S. 976 (2003) (No. 02-7517).

Almost four years after the denial of *certiorari*, Evans filed this suit and on May 15, 2007, Evans filed an amended complaint. Evans asserted jurisdiction under 5 U.S.C. § 4303 and 42 U.S.C. § 2000e-2. Evans alleged that Suter, as Clerk of the U.S. Supreme Court, refused to file petitions that Evans filed and denied him access to that Court. Evans also alleges that Suter failed to furnish a status report regarding a petition filed on or about December 17, 2005. Suter moves for dismissal under Rules 12(b)(1) and 12(b)(6). Evans has responded. This court grants the motion and dismisses this case, with prejudice, for the reasons set out below.

## II. The Applicable Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a defense or bar to relief if the defense or bar clearly appears on the face of the complaint. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). A motion to dismiss is a proper vehicle to assert a claim of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 416 (1976) (prosecutorial immunity); *Mowbray v. Cameron County*, 274 F.3d 269, 276, 279 (5th Cir. 2001) (prosecutorial immunity and witness immunity).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other

facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

**III. Analysis**

Evans argues that the "material issues" are the refusal of the Clerk of the Supreme Court to file Evans's petition for rehearing of the denial of the writ of *certiorari* and the Supreme Court's error in denying the petition for rehearing without rendering a judgment or decision on the petition. Evans asserts that Suter acted improperly and violated Supreme Court rules when he returned Evans's motion for rehearing with the statement: "Rehearing was denied. This case is considered closed in this Court, and no further consideration by the Court is possible." Evans argues that the Clerk and the Supreme Court failed to comply with Rules of the Supreme Court and that because "the Supreme Court failed to correctly adjudicate Evans' petition for a rehearing in the denial of a writ of certiorari, and to make a final disposition of the case as required by Rule 16.1 and 16.3 of the Rules of the United States Supreme Court, therefore Clerk Suter is compelled to file Evans' motion for rehearing in order for the court to render a judgment and or a decision on the petition." (Docket Entry No. 5 at 3–4).

The conduct complained of is clearly within the scope of Suter's official capacity and duties. As explained in *Greene v. Suter*,

> Except for certain limited situations specified in the constitution, the Supreme Court has discretionary jurisdiction. In fact, the Supreme Court frequently denies requests for review of lower court decisions. Choosing which cases to accept is therefore one of the court's most important judicial functions.

*Greene v. Suter*, No. C-97-3698-VRW, 1998 WL 46914, at *1 (N.D. Cal. Jan. 21, 1998).

It is well established that court officials—including clerks of court—enjoy absolute immunity from suits on claims arising out of the performance of judicial or quasi-judicial functions. A district court lacks authority to compel judges and other court officials to take any action. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *see also McGann v. Suter*, 219 F. App'x 9 (D.C. Cir. 2007) (unpublished opinion) (citing *Stump v. Starkman*, 435 U.S. 349, 356 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam)); *Clayton v. Blalock*, 173 F. App'x 837, 838 (D.C. Cir. 2005) (unpublished opinion); *Spruel v. Suter*, 106 F. App'x 72 (D.C. Cir. 2004) (unpublished opinion); *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (unpublished opinion); *Greene*, 1998 WL 46914, at *1 (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). This protection is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief. *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). This immunity extends to clerks of court. *Id.* (citing *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (Clerk of the Supreme Court has absolute quasi-judicial immunity)); *see also McGann*, 219 F. App'x 9 ("The district court correctly determined that [appellee Suter is] protected by absolute immunity."). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when

they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions. *Mullis*, 828 F.2d at 1390; *Harris*, 3 F. App'x at 366.

Evans neither alleges nor identifies a basis to avoid or overcome this immunity. Because Suter enjoys absolute immunity for claims that are asserted against him in his individual capacity for acts performed within his professional functions, this court lacks jurisdiction. *Mullis*, 828 F.2d at 1390; *McGann*, 219 F. App'x 9; *Greene*, 1998 WL 46914, at *1.

Evans cites 5 U.S.C. § 4303 and 42 U.S.C. § 2002e-2 as bases for subject matter jurisdiction. (Docket Entry No. 1, ¶ 1). Section 4303 refers to agency actions when federal employees are terminated for "unacceptable performance." Section 2002e-2 refers to unlawful employment practices. Neither statute provides a basis for jurisdiction over Evans's claim against Suter. This court lacks subject matter jurisdiction.

The complaint and amended complaint also fail to plead facts that would support Evans's claim for relief. A complaint is clearly deficient if no set of facts consistent with the complaint could possibly cure the plaintiff's inability to plead damages resulting from the defendant's conduct. As the Supreme Court recently stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974.

None of the additional facts Evans identifies but has not yet pleaded provide a basis to conclude that additional amendment could state a claim on which the relief sought could be granted.

Because leave to amend would be futile, the motion to dismiss is granted, with prejudice. Final judgment is entered separately.

SIGNED on June 29, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge